IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEAN DESROSES, #M02409,
    Plaintiff,

vs.                                           Case No.: 5:14cv166/RV/EMT

GALINA KATS-KAGAN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on July 11, 2014 (doc. 1 at 8). Plaintiff has also filed a motion to proceed in forma pauperis (doc. 2).

The court takes judicial notice of two cases previously filed by Plaintiff in the United States District Court for the Northern District of Florida, Case Nos. 5:07cv92/MCR/EMT and 5:13cv242/MMP/GRJ, and one case from the United States Court of Appeals for the Eleventh Circuit, Case No. 07-13209.[1] Case No. 5:07cv92/MCR/EMT was dismissed for the failure to state a claim for relief (*see* Case No. 5:07cv92/MCR/EMT, docs. 7, 10, 11), and the appeal of that case, Case No. 07-13209, was dismissed as frivolous (*id.* at doc. 32). The third case, Case No. 5:13cv242/MMP/GRJ, was dismissed as malicious for abuse of the judicial process (*see* Case No. 5:13cv242/MMP/GRJ, docs. 8, 11, 12). Plaintiff was incarcerated at the time of filing each of these cases.

    Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] The inmate number of the plaintiff in those cases (#M02409) is the same as Plaintiff's.

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant complaint, Plaintiff claims he has been denied adequate medical treatment for his chronic back pain by Dr. Kats-Kagan, a physician at Graceville Correctional Facility who refused to renew his previously issued low-bunk, boot, and cane passes or a prescription for ibuprofen (doc. 1 at 6–7). According to Plaintiff, "[t]he likelihood of imm[i]n[e]nt physical injury resulting from Dr. Kats-Kagan['s] inappropriate actions is clear: Desroses may lose mobility as the low-back condition[ ] progressively worsens, and the constant and chronic pain levels in the vert[e]bral lumbar region of the lower back escalates" (*id.* at 7). As relief, Plaintiff seeks, *inter alia*, payment in the amount of $2,500.00 and an order directing the Florida Department of Corrections to issue him the passes and prescription he desires (*id.*).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of § 1915(g). Although he asserts otherwise, in an apparent attempt to satisfy the statute, the facts Plaintiff alleges and the relief he seeks do not suggest he is under "imminent danger of serious physical injury." Because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

2. That the motion to proceed in forma pauperis (doc. 2) be **DENIED as moot**.

At Pensacola, Florida, this 21st day of July 2014.

s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only**. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**